1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANNETTE K. BROWNE,

                    Plaintiff,

     v.

CAROLYN W. COLVIN, Commissioner of
Social Security, [1]

                 Defendant.

Case No. 3:12-cv-05379-BHS-KLS

REPORT AND RECOMMENDATION

Noted for August 23, 2013

      Plaintiff has brought this matter for judicial review of defendant's denial of her

applications for disability insurance and supplemental security income ("SSI") benefits.  This

matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §

636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by <u>Mathews, Secretary of H.E.W. v.

Weber</u>, 423 U.S. 261 (1976).  After reviewing the parties' briefs and the remaining record, the

undersigned submits the following Report and Recommendation for the Court's review,

recommending that for the reasons set forth below, defendant's decision to deny benefits be

reversed and this matter be remanded for further administrative proceedings.

<u>FACTUAL AND PROCEDURAL HISTORY</u>

      On March 11, 2008, plaintiff filed an application for disability insurance benefits and

another one for SSI benefits, alleging in both applications that she became disabled beginning

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of the Social Security
Administration.  Therefore, under Federal Rule of Civil Procedure 25(d)(1), Carolyn W. Colvin is substituted for
Commissioner Michael J. Astrue as the Defendant in this suit.  **The Clerk of Court is directed to update the
docket accordingly.**

August 1, 2003 (<u>see</u> Administrative Record ("AR") 24), due to the following impairments:

> **Degenerative joint disease/kephoscoliosis, Left rotator cuff tear/rt shoulder bursitis, Fibromyalgia and paraseziures, Arthritis/cervical arthritis/muscles spasms, Syrinx/numbness and tingling in arms/hands, Irritable bowel syndrome/chronic diarrhea, Dysphagia/intestinal spasms/mild ulcer, Depression and anxiety, Bi-lateral knee pain, Foraminal narrowing/nerve root compression[.]**

AR 156 (emphasis in original).  Both applications were denied upon initial administrative review on July 24, 2008, and on reconsideration on December 8, 2008. <u>See</u> AR 24.  A hearing was held before an administrative law judge ("ALJ") on February 3, 2010, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. <u>See</u> AR 40-67.

In a decision dated March 18, 2010, the ALJ determined plaintiff to be not disabled. <u>See</u> AR 24-35.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on February 22, 2012, making the ALJ's decision the final decision of the Commissioner of Social Security (the "Commissioner"). <u>See</u> AR 1; <u>see also</u> 20 C.F.R. § 404.981, § 416.1481.  On May 4, 2012, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. <u>See</u> ECF #4.  The administrative record was filed with the Court on October 9, 2012. <u>See</u> ECF #11.  The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues the Commissioner's final decision should be reversed and remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred:

    (1)   in rejecting the August 21, 2007 opinion provided by David Hays, M.D.;

    (2)   by failing to find plaintiff's muscle spasms, arm and hand paresthesias and irritable bowel syndrome are "severe" impairments;

    (3)   in evaluating the medical evidence from John W. Luckwitz, M.D., Kirk L. Wong, M.D., Matthew J. Gambee, M.D., Jaimie Nicacio, M.D., and

REPORT AND RECOMMENDATION - 2

Theresa Karplus, M.D.;

(4)   in discounting plaintiff's credibility;

(5)   in assessing plaintiff's residual functional capacity; and

(6)   in finding plaintiff to be capable of performing other jobs existing in significant numbers in the national economy.

For the reasons set forth below, the undersigned finds the ALJ erred in regard to issue (1) above, and thus also in regard to issues (2), (5) and (6).  Also for the reasons set forth below, however, the undersigned recommends that while defendant's decision to deny benefits should be reversed because of these errors, this matter should be remanded for further administrative proceedings in accordance with the findings contained herein.

<u>DISCUSSION</u>

The determination of the Commissioner of Social Security (the "Commissioner") that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. <u>Hoffman v. Heckler</u>, 785 F.2d 1423, 1425 (9th Cir. 1986); <u>see also</u> <u>Batson v. Commissioner of Social Security Admin.</u>, 359 F.3d 1190, 1193 (9th Cir. 2004); <u>Carr v. Sullivan</u>, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing <u>Brawner v. Secretary of Health and Human Services</u>, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (citation omitted); <u>see also</u> <u>Batson</u>, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record.").  "The substantial evidence test

REPORT AND RECOMMENDATION - 3

requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975).  "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [2]

I.      The ALJ's Rejection of the Opinion of Dr. Hays

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).  In such cases, "the ALJ's conclusion must be upheld." Morgan v. Commissioner of the Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999).  Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings

---

[2] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached.  If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them.  It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence.  While the court may not try the case de novo, neither may it abdicate its traditional function of review.  It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational.  If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 4

"must be supported by specific, cogent reasons." <u>Reddick</u>, 157 F.3d at 725.  The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." <u>Id.</u>  The ALJ also may draw inferences "logically flowing from the evidence." <u>Sample</u>, 694 F.2d at 642.  Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." <u>Magallanes v. Bowen</u>, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1996).  Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." <u>Id.</u> at 830-31.  However, the ALJ "need not discuss *all* evidence presented" to him or her. <u>Vincent on Behalf of Vincent v. Heckler</u>, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original).  The ALJ must only explain why "significant probative evidence has been rejected." <u>Id.</u>; <u>see also</u> <u>Cotter v. Harris</u>, 642 F.2d 700, 706-07 (3rd Cir. 1981); <u>Garfield v. Schweiker</u>, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. <u>See</u> <u>Lester</u>, 81 F.3d at 830.  On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." <u>Batson v. Commissioner of Social Sec. Admin.</u>, 359 F.3d 1190, 1195 (9th Cir. 2004); <u>see also</u> <u>Thomas v. Barnhart</u>, 278 F.3d 947, 957 (9th Cir. 2002); <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1149 (9th Cir. 2001).  An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." <u>Lester</u>, 81 F.3d at 830-31.  A non-examining physician's opinion may

REPORT AND RECOMMENDATION - 5

constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

The record contains a letter from Dr. Hays in which he stated plaintiff had the following impairments: chronic upper back pains and muscle spasms, a left rotator cuff tear; chronic abdominal pains and diarrhea, bilateral knee pains, and "some chronic paresthesias" of her upper extremities. AR 409-10.  Dr. Hays went on to opine in relevant part:

> I do thing [sic] that the above [impairments and conditions] does not prevent [plaintiff] from looking for employment but do think that she will be restricted in the duration of her work, probably to 3-4 hours at a time, and that she will have some days on which her pain is so great that she will no [sic] be able to participate.
>
> I am not clear on the duration of her incapacity.  Again she has had several years of a steadily worsening course despite close followup and several different treatments.
>
> She should not be doing any heavy lifting with her work.

AR 412.  With respect to these opinions, the ALJ stated she was giving them "some weight, but little weight overall" because:

> . . . First, it is notable that his restrictions are more limiting than [the] claimant's own self-reports.  For example, in August 2007 [the] claimant reported that on her good days she would be able to work without much problem, while Dr. Hays limits [the] claimant to three or four hours of work on her good days.  Se [sic] Ex. 6F/19.  Dr. Hays' opinions are not internally consistent and moreover and [sic] not adequately supported by clinical findings or the record as a whole.

AR 32-33.

As to the ALJ's first stated reason for rejecting Dr. Hays' opinions, plaintiff argues the inconsistency between her self-report that she would be able to work without much problem on her good days and Dr. Hays' statement that she could only work for three or four hours on such days is not meaningful.  Specifically, plaintiff asserts that she did not actually tell Dr. Hays she

REPORT AND RECOMMENDATION - 6

could work *full-time* on her good days, and that the real issue is not how much work she can do on her good days, but how little work she can do on her bad days, which is fully consistent with Dr. Hays' opinion on that issue.

In regard to plaintiff's first point, her statement to Dr. Hays that "[o]n a good day . . . she would be able to work without much problem" is most reasonably read to mean she would have no real issues with performing a full work day on those days, given that the phrase "without much problem" clearly indicates she felt she would not have any actual restrictions from being able to do so. AR 427.  As such, the ALJ was not remiss in discounting Dr. Hays' opinion limiting plaintiff to only three to four hours of work on her good days. See Morgan, 169 F.3d at 601-02 (upholding rejection of physician's conclusion that claimant suffered from marked limitations in part on basis that other evidence of claimant's ability to function, including reported activities of daily living, contradicted that conclusion); Magallanes, 881 F.2d at 754 (finding ALJ properly rejected one physician's opinion in part on basis that it conflicted with claimant's subjective pain complaints).

Plaintiff is also correct, though, that her report to Dr. Hays that on bad days she felt like she could "barely get out of bed" (AR 427) is not inconsistent with his opinion that she would not be able to participate in work on those days (see AR 412).  The ALJ thus erred in rejecting it because it was more limiting than alleged by plaintiff.  In addition, the undersigned agrees with plaintiff that the ALJ's statement that "Dr. Hays' opinions are not internally consistent . . . and not adequately supported by clinical findings or the record as a wholly," provides an insufficient basis upon which to reject those opinions. See Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988).[3]  It is true that, as defendant points out and as noted above, an ALJ need not accept the

---

[3] As the Ninth Circuit in Embrey explained:

REPORT AND RECOMMENDATION - 7

opinion of a treating physician, if it is "brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." <u>Batson</u>, 359 F.3d at 1195; <u>see also</u> <u>Thomas</u>, 278 F.3d at 957; <u>Tonapetyan</u>, 242 F.3d at 1149.

The ALJ, though, offers no explanation as to how the opinions of Dr. Hays are internally inconsistent. Nor does the ALJ provide any description of those clinical findings or other evidence in the record she found to be inconsistent therewith. As defendant notes, the ALJ did set forth a detailed discussion of the medical and other evidence in the record. <u>See</u> AR 30-33. But notably the ALJ did not actually discuss the treatment notes from Dr. Hays. In addition, although it may be that much of the evidence in the record, including such treatment notes, does not support the functional limitations found by Dr. Hays, the ALJ does not clearly – or indeed at all – link that evidence to her evaluation of those limitations. Without any such discussion, the Court is unable to determine whether the ALJ properly considered that evidence in rejecting those opinions, and thus that rejection cannot be upheld at this time.

II.     <u>The ALJ's Step Two Determination</u>

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. <u>See</u> 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. <u>See id.</u> At step two of the evaluation process, the ALJ must determine if an impairment is "severe." 20 C.F.R. § 404.1520, § 416.920. An impairment is "not severe" if it does not "significantly limit" a claimant's mental or physical

---

To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct. . . .

<u>Id.</u> (internal citations omitted).

REPORT AND RECOMMENDATION - 8

1    abilities to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(iii), (c), § 416.920(a)(4)(iii), (c);

2    see also Social Security Ruling ("SSR") 96-3p, 1996 WL 374181 *1.  Basic work activities are

3    those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b), § 416.921(b);

4    SSR 85- 28, 1985 WL 56856 *3.

5         An impairment is not severe only if the evidence establishes a slight abnormality that has

6    "no more than a minimal effect on an individual[']s ability to work." SSR 85-28, 1985 WL

7    56856 *3; see also Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996); Yuckert v. Bowen, 841

8    F.2d 303, 306 (9th Cir.1988).  Plaintiff has the burden of proving that her "impairments or their

9    symptoms affect her ability to perform basic work activities." Edlund v. Massanari, 253 F.3d

10   1152, 1159-60 (9th Cir. 2001); Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998).  The step

11   two inquiry described above, however, is a *de minimis* screening device used to dispose of

12   groundless claims. See Smolen, 80 F.3d at 1290.

13        At step two in this case, the ALJ found plaintiff had "severe" impairments consisting of a

14   left rotator cuff syndrome, fibromyalgia, back pain, knee pain, a major depressive disorder, and a

15   panic disorder. See AR 26.  The ALJ did not find to be "severe" plaintiff's muscle spasms or arm

16   and hand numbness and tingling, stating that they "caused only transient and mild symptoms and

17   limitations, are well controlled with treatment or are otherwise not adequately supported by the

18   medical evidence in the record." AR 27.  With respect to plaintiff's irritable bowel syndrome the

19   ALJ found it to be non-severe as well, noting that it was "well-controlled with medication," that

20   plaintiff had "testified that she has had this problem since the age of eighteen," while "the record

21   shows she was able to work in spite of this impairment in the past," and that despite alleging she

22   had "diarrhea five to eight times day, her weight has remained stable." Id.

23

24

25

26

REPORT AND RECOMMENDATION - 9

1    Plaintiff argues "[t]he medical evidence of record does indeed establish that" these three

2    additional impairments are severe (ECF #15, p. 4), but does not explain what such evidence does

3    so other than merely cite portions of the record where findings of muscle spasms and decreased

4    sensation were noted and to her own testimony (see id. and n. 3 and 4).  The mere existence of an

5    impairment or of symptoms related thereto, however, does not by itself establish the presence of

6    significant work-related limitations, let alone disabling ones. See Matthews v. Shalala, 10 F.3d

7    678, 680 (9th Cir. 1993).  In addition, in regard to plaintiff's testimony, at step two of the

8    sequential disability evaluation process, although the ALJ must take into account a claimant's

9    pain and other symptoms (see 20 C.F.R. § 404.1529, § 416.929), the severity determination is

10   made solely on the basis of the objective medical evidence in the record (see SSR 85-28, 1985

11   WL 56856 *4 ("At the second step . . . medical evidence alone is evaluated in order to assess the

12   effects of the impairment(s) on ability to do basic work activities.").

13       Plaintiff also does not explain how the ALJ erred in failing to consider any functional

14   effects of those alleged impairments during the later steps of the sequential disability evaluation

15   process.  See ECF #15, p. 4; Carmickle v. Commissioner of Social Sec. Admin., 533 F.3d 1155,

16   1161 n.2 (9th Cir. 2008) (issue not argued with specificity in briefing will not be addressed);

17   Paladin Associates., Inc. v. Montana Power Co., 328 F.3d 1145, 1164 (9th Cir. 2003) (by failing

18   to make argument in opening brief, objection to district court's order was waived); Kim v. Kang,

19   154 F.3d 996, 1000 (9th Cir.1998) (matters not specifically and distinctly argued in opening brief

20   ordinarily will not be considered).  That being said, because as discussed above, the ALJ erred in

21   rejecting the opinions of Dr. Hays – and because Dr. Hays relied at least in part on the above

22   alleged impairments in forming his opinions – on remand the Commissioner should consider any

23   impact such impairments may have on plaintiff's ability to function.

REPORT AND RECOMMENDATION - 10

III.    The ALJ's Assessment of Plaintiff's Residual Functional Capacity

If a disability determination "cannot be made on the basis of medical factors alone at step three of the evaluation process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." SSR 96-8p, 1996 WL 374184 *2.  A claimant's residual functional capacity ("RFC") assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. See id.  It thus is what the claimant "can still do despite his or her limitations." Id.

A claimant's residual functional capacity is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. See id.  However, an inability to work must result from the claimant's "physical or mental impairment(s)." Id.  Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." Id.  In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." Id. at *7.

The ALJ in this case found plaintiff had the residual functional capacity:

**. . . to perform sedentary work . . . specifically she: is limited to frequent climbing of stairs and ramps; is limited to frequent balancing and crawling; is limited to occasional climbing of ladders, ropes or scaffolds; is limited to occasional stooping, kneeing, crouching, and overhead reaching with the left upper extremity; would need to avoid concentrated exposure to hazards such as heavy machinery, heights or vibration; could perform one to three step tasks at a moderate pace; could have occasional public contact; is limited to tasks which are routine and predictable.**

AR 28-29 (emphasis in original).  Because as discussed above the ALJ failed to properly reject the opinions of Dr. Hays, the Court agrees with plaintiff that the above RFC assessment cannot be said to be supported by substantial evidence.  Accordingly, here too the ALJ erred.

REPORT AND RECOMMENDATION - 11

1

IV.   The ALJ's Findings at Step Five

2        If a claimant cannot perform his or her past relevant work, at step five of the disability

3   evaluation process the ALJ must show there are a significant number of jobs in the national

4   economy the claimant is able to do. See Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir.

5   1999); 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e).  The ALJ can do this through the

6   testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines

7   (the "Grids"). Tackett, 180 F.3d at 1100-1101; Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th

8   Cir. 2000).

9

10       An ALJ's findings will be upheld if the weight of the medical evidence supports the

11  hypothetical posed by the ALJ. See Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir. 1987);

12  Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984).  The vocational expert's testimony

13  therefore must be reliable in light of the medical evidence to qualify as substantial evidence. See

14  Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988).  Accordingly, the ALJ's description of the

15  claimant's disability "must be accurate, detailed, and supported by the medical record." Id.

16  (citations omitted).  The ALJ, however, may omit from that description those limitations he or

17  she finds do not exist. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

18

19       At the hearing, the ALJ posed a hypothetical question to the vocational expert containing

20  substantially the same limitations as were included in the ALJ's assessment of plaintiff's residual

21  functional capacity. See AR 62.  In response to that question, the vocational expert testified that

22  an individual with those limitations would be able to perform other jobs. See AR 62-63.  Based

23  on the testimony of the vocational expert, the ALJ found plaintiff would be capable of

24  performing other jobs existing in significant numbers in the national economy. See AR 34-35.

25  Plaintiff argues, and again the undersigned agrees, that in light of the erroneous rejection of Dr.

26

REPORT AND RECOMMENDATION - 12

Hays' opinions and RFC assessment discussed above, the ALJ erred as well in relying on the

vocational expert's testimony to find her to be capable of performing other jobs existing in

significant numbers at step five.  Given the conflicting evidence in the record also discussed

above, however, the undersigned rejects the assertion that the ALJ was required to find plaintiff

to be disabled at this step at this time.

V.      This Matter Should Be Remanded for Further Administrative Proceedings

        The Court may remand this case "either for additional evidence and findings or to award

benefits." Smolen, 80 F.3d at 1292.  Generally, when the Court reverses an ALJ's decision, "the

proper course, except in rare circumstances, is to remand to the agency for additional

investigation or explanation." Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) (citations

omitted).  Thus, it is "the unusual case in which it is clear from the record that the claimant is

unable to perform gainful employment in the national economy," that "remand for an immediate

award of benefits is appropriate." Id.

        Benefits may be awarded where "the record has been fully developed" and "further

administrative proceedings would serve no useful purpose." Smolen, 80 F.3d at 1292; Holohan

v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001).  Specifically, benefits should be awarded

where:

        (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the
        claimant's] evidence, (2) there are no outstanding issues that must be resolved
        before a determination of disability can be made, and (3) it is clear from the
        record that the ALJ would be required to find the claimant disabled were such
        evidence credited.

Smolen, 80 F.3d 1273 at 1292; McCartey v. Massanari, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

Because as discussed above issues still remain in regard to the medical opinion evidence from

Dr. Hays, remand for further consideration of that evidence by the Commissioner is appropriate.

REPORT AND RECOMMENDATION - 13

1

CONCLUSION

2      For all of the above reasons, the undersigned recommends the Court find the ALJ

3 improperly concluded plaintiff was not disabled.  Accordingly, the undersigned recommends as

4 well that the Court reverse defendant's decision to deny benefits and remand this matter to the

5 Commissioner for further administrative proceedings in accordance with the findings contained

6 herein.

7      Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.")

8

9 72(b), the parties shall have **fourteen (14) days** from service of this Report and

10 Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6.  Failure to file

11 objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn,

12 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk

13 is directed set this matter for consideration on **August 23, 2013**, as noted in the caption.

14      DATED this 2nd day of August, 2013.

15

16

17

18

19 Karen L. Strombom
United States Magistrate Judge

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION - 14